# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | | |
|---|---|---|
| STONY H.[1], | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 7:25-CV-56-BK |
| | § | |
| COMMISSIONER, SOCIAL SECURITY | § | |
| ADMINISTRATION, | § | |
| DEFENDANT. | § | |

## MEMORANDUM OPINION AND ORDER

Pursuant to 28 U.S.C. § 636(c), Plaintiff's appeal of the denial of his application for Social Security disability benefits and supplemental security income, Doc. 1, is before the undersigned United States magistrate judge for determination. For the reasons outlined here, the Commissioner's decision is **AFFIRMED**.

## I. BACKGROUND

### A. Procedural History

Plaintiff, proceeding *pro se*, seeks judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act ("Act"). Doc. 1.

In September 2020, Plaintiff concurrently filed for DIB and SSI, alleging a period of disability beginning in April 2020. Plaintiff's claim was denied at all administrative levels, and

[1] To protect the privacy of plaintiffs in Social Security appeal cases, the Court identifies those plaintiffs only by first name and last initial.

he now appeals to this Court under 42 U.S.C. § 405(g). Doc. 14-1 at 192-205, 161-177, 14-29, 7-9.

**B. Factual History**

Plaintiff was 42 years old at the time of his alleged disability, has a high school education, and has past relevant work as a psychiatric aide. Doc. 14-1 at 28. Plaintiff alleged complications with vision problems, spinal stenosis, high blood pressure, diabetes, glaucoma, heart condition, and blindness. Doc. 14-1 at 95-96, 422.

In terms of Plaintiff's relevant medical history, he has glaucoma in his left eye because of occluded veins in his left retina. After a 2020 surgery, Plaintiff's left eye vision declined to "no light perception," and he is now blind in his left eye. Doc. 14-1 at 854, 864-865. Plaintiff still has vision in his right eye. Doc. 14-1 at 691-693, 854, 864-865. Plaintiff was also diagnosed with cervical spine stenosis in 2019. Doc. 14-1 at 644. According to the most recent treatment notes in the record from January 2024, a prescription pain medication is not part of Plaintiff's current regimen. Doc. 14-1 at 867.

**C. The Administrative Hearing**

At the January 2024 administrative hearing, Plaintiff testified that he could not drive because of the lack of vision in his left eye and thus he rarely leaves his house. Doc. 14-1 at 46-47. Plaintiff also testified that he has light sensitivity in his right eye and cannot stare at a computer screen for very long. Doc. 14-1 at 48, 52. Plaintiff also testified that he can only stand for about 30 minutes before having to sit due to neck pain. Doc. 14-1 at 51.

At the administrative hearing, a vocational expert ("VE") testified that someone with Plaintiff's age, education, work experience, and the ALJ's determined residual function capacity

("RFC") could perform other work in the national economy as merchandise marker, routing clerk, and mail clerk. Doc. 14-1 at 57-58.

**D. The ALJ's Findings**

Following the administrative hearing, the ALJ issued a Hearing Decision utilizing the five-step sequential evaluation set forth in 20 C.F.R. § 416.920 in determining whether Plaintiff was disabled. Doc. 14-1 at 16-30. At step one, the ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2025, and had not engaged in substantial gainful activity since April 17, 2020. Doc. 14-1 at 22. At step two, the ALJ found that Plaintiff had the severe impairments of (1) atherosclerotic heart disease and coronary artery disease; (2) uncontrolled hypertension; (3) diabetes mellitus with nephropathy; (4) glaucoma secondary to left central retinal vein occlusion (CRVO), with left eye blindness; and (5) obesity. Doc. 14-1 at 22. However, the ALJ concluded that none of Plaintiff's impairments, or any combination thereof, met or "medically equal[ed]" an impairment listed in the applicable regulations. Doc. 14-1 at 24-25.

At step three, the ALJ found that Plaintiff had the RFC to "perform light work" except:

> [Plaintiff] can lift and carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk about six hours in an eight-hour day, and sit about six hours in an eight-hour day. He is further limited to work performed in front of him, such as at a bench or table, but not limited to a bench or table. He needs to avoid work requiring depth perception, and he needs to avoid exposure to moving mechanical parts and unprotected heights.

Doc. 14-1 at 25.

At step four, the ALJ found that Plaintiff did not have the RFC to perform his past relevant work. Doc. 14-1 at 28. At step five, the ALJ found that there were a significant number of jobs in the national economy that Plaintiff could perform. Doc. 14-1 at 29. Specifically, the

ALJ relied on the vocational expert's testimony that Plaintiff had the RFC to perform the jobs of merchandise marker, routing clerk, and mail clerk. Doc. 14-1 at 27. Thus, the ALJ concluded that Plaintiff was not disabled under the Act. Doc. 14-1 at 30.

## II. APPLICABLE LAW

The definition of disability under the Act is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is disabled, the Commissioner utilizes a sequential five-step inquiry: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant's impairments are "severe"; (3) whether the claimant's impairment "meets or equals" one of the listings in the relevant regulations; (4) whether the claimant can still do her past relevant work; and (5) whether the impairment prevents the claimant from doing any other available work. *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021) (citing 20 C.F.R. § 404.1520(a)(4)). The claimant bears the burden on the first four steps. *Id.* (citation omitted). If the claimant meets his burden, the burden then shifts to the Commissioner to "prove the claimant's employability." *Id.* (citation omitted).

The Court's review "is exceedingly deferential and limited to two inquiries: whether substantial evidence supports the ALJ's decision, and whether the ALJ applied the proper legal standards when evaluating the evidence." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, [the Supreme] Court has said, is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal citations and quotation marks omitted). The Court can neither "reweigh the evidence or substitute its judgment for the Commissioner's." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). A finding that substantial evidence does not exist "is appropriate only if no credible evidentiary choices or medical findings support the decision." *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016) (cleaned up).

## III. Analysis

Plaintiff argues that the Commissioner's final decision should be reversed. Doc. 17, *passim*. The Commissioner contends that substantial evidence supports the finding that Plaintiff is not disabled. Doc. 18 at 1. Upon review, the Court likewise concludes that the Commissioner's decision is supported by substantial evidence.

Plaintiff's *pro se* filings are liberally construed. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam). But courts still must "maintain their role as neutral and unbiased arbiters." *Betty Ann B. v. Soc. Sec. Admin.*, No. 3:18-cv-2287, 2020 WL 1236527, at *2 (N.D. Tex. Mar. 12, 2020) (Horan, J.). "Courts are not bound to scour the record for every conceivable error, but fundamental fairness and interests of justice require that courts not disregard obvious errors, especially when a lay litigant's ignorance may cause legal errors to go unrecognized." *Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005). (internal quotations omitted) (collecting cases).

To strike a fair balance, the Court engages in more than a superficial review of the ALJ's decision. *See id.* But because "the Court is not an advocate, it has no duty to plumb the depths of every facet of the administrative process." *Betty Ann B.*, 2020 WL 1236527, at *2. Here, the

Court examines the ALJ's decision to the same extent an experienced lawyer would when advising a potential client regarding the advisability of pursuing an action for judicial review. *See Elam*, 386 F. Supp. 2d at 753. "This approach assumes that the practitioner is experienced in the subject matter, and willing, but not compelled, to represent the plaintiff. It further assumes that the practitioner's first exposure to the case is after the Commissioner's decision has become final." *Id.*

In following this approach, the Court engages in three critical inquiries:

1. Does the ALJ's decision generally reflect the protocol established in the Social Security Act, the ALJ's own regulations, and internal policies articulated in Social Security Rulings?

2. Were the ALJ's critical fact findings made in compliance with applicable law?

3. Does substantial evidence support those critical findings?

*See Washington v. Barnhart*, 413 F. Supp. 2d 784, 792 (E.D. Tex. 2006); *Vanessa H. v. Saul*, No. 3:18-cv-2236, 2019 WL 4279622, at *3 (N.D. Tex. July 30, 2019) (Horan, J.), *adopted by* 2019 WL 4277153 (N.D. Tex. Sept. 9, 2019) (following the same framework in analyzing a *pro se* plaintiff's appeal of an ALJ's decision).

Even affording Plaintiff the more lenient approach outlined above, the ALJ's decision is affirmed in all respects.

**A. Substantial Evidence Supports a Finding that Plaintiff's Vision Impairments Do Not Meet or Medically Equal a Listing in the Relevant Regulation.**

Plaintiff contends that the Commissioner's decision should be reversed because he is blind in his left eye and his "right eye has low vision." Doc. 17 at 1. However, substantial

evidence supports the ALJ's finding that Plaintiff's vision impairments do not render him disabled.

The record reflects that the ALJ reviewed all the records and determined that the medical opinions and other evidence did not support a finding that Plaintiff's impairments meet or equal any impairment in the Social Security regulations and that he has the RFC to perform specific jobs in the national economy. Concluding that the ALJ's findings were not supported by substantial evidence would only be appropriate if no credible evidentiary choices or medical findings supported his decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988)).

"Statutory blindness is central visual acuity of 20/200 or less in the better eye with the use of a correcting lens." 20 C.F.R. § 404.1581. "In other words, vision problems will not provide a basis for disability when the claimant is not statutorily blind." *Yickshun L. v. Comm'r, Soc. Sec. Admin.*, No. 3:21-cv-686, 2024 WL 1244318, at *2 (N.D. Tex. Feb. 22, 2024) (Toliver, J.), *adopted by*, 2024 WL 1251507 (N.D. Tex. Mar. 22, 2024). *See Neal v. Colvin*, No. 14-cv-906, 2015 WL 5098796, at *4 (W.D. Tex. Aug. 31, 2015) (finding that the ALJ properly applied the "severity" standard in deeming the plaintiff's vision problems non-severe when his visual acuity in his better eye did not meet the definition of statutory blindness).

As the relevant medical evidence establishes, Plaintiff's central visual acuity in his right eye was 20/30 with the use of a corrective lens. Doc. 14-1 at 854, 866. Plaintiff's uncorrected visual acuity (both distance and near) with his right eye was 20/40. Doc. 14-1 at 871. This simply does not satisfy the regulation's requirement that to constitute a "severe" impairment, a claimant's vision in the better eye be 20/200 or less when corrected. *See* 20 C.F.R. § 404.1581; *Neal*, 2015 WL 5098796, at *4.

Plaintiff also argues that the ALJ did not correctly "evaluate [his] support letter from [his] eye doctor." Doc. 17 at 2. Plaintiff appears to be referring to the December 2022 or January 2024 letters from Dr. Todd Smith. *See* Doc. 14-1 at 809 (December 2022 Letter); Doc. 14-1 at 813 (January 2024 Letter). But as the ALJ correctly noted, neither letter provided an assessment of Plaintiff's functional limitations that rose above mere speculation. "Under the Social Security Act, a 'medical opinion' is a 'statement' from a physician, psychologist, or other acceptable medical source that 'reflect[s] judgments about the nature and severity of [the claimant's] impairment(s), including [his] symptoms, diagnosis and prognosis, what [he] can still do despite impairment(s), and [his] physical or mental restrictions.'" *Winston v. Berryhill*, 755 Fed. App'x. 395, 402 (5th Cir. 2018) (citing *Kneeland v. Berryhill*, 850 F.3d 749, 759 (5th Cir. 2017) (quoting 20 C.F.R. § 404.1527(a)(2))) (some alterations in original).

In the 2022 letter, Dr. Smith notes that Plaintiff "may continue to have eye pain and extreme photophobia from his non-seeing eye," which would make "outdoor activities, including driving[,] difficult even with sunglasses." Doc. 14-1 at 809. In the 2024 letter he writes that Plaintiff does "not have diabetic retinopathy" in his right eye, but needs "to be monitored routinely." Doc. 14-1 at 813. These statements and the remaining content of Dr. Smith's notes offer no assessment of Plaintiff can do despite his vision impairments, and as such, do not qualify as medical opinions. Nevertheless, Plaintiff is mistaken in his assertion that the ALJ did not evaluate either note from Dr. Smith, as the records reveal the ALJ considered both but found them unpersuasive.

### B. Substantial Evidence Supports the ALJ's Finding that Plaintiff's Spinal Stenosis Does Not Make Him Disabled.

Plaintiff also avers that his spinal stenosis makes it hard for him to sit and stand for long periods of time. Doc. 17 at 2. To the extent Plaintiff argues this as a basis for reversal, his argument likewise fails.

The record evidence shows that Plaintiff was prescribed physical therapy in 2022. Doc. 14-1 at 834. But according to the most recent treatment notes in the record from January 2024, a prescription pain medication was not part of Plaintiff's treatment regimen. Doc. 14-1 at 867. Otherwise, Plaintiff points to no evidence regarding his spinal stenosis or an assessment of any functional limitations it causes.

### C. Substantial Evidence Supports the ALJ's Finding that Plaintiff Can Perform Specific Jobs in the National Economy.

Plaintiff also complains that the ALJ erred in finding that Plaintiff could perform the jobs of merchandise marker, router clerk, and mail clerk because those jobs do not exist near him. Doc. 17 at 2. But it is irrelevant to the determination of disability whether jobs exist near Plaintiff—the question is whether jobs exist in the *national economy*. *Knott v. Califano*, 559 F.2d 279, 282 (5th Cir. 1977); *see also Collins v. Astrue*, 493 F. Supp. 2d 858, 866 (S.D. Tex. 2007) ("This is true regardless of whether such work exists in the immediate area in which the claimant resides, whether a specific job vacancy exists, or whether the claimant would be hired if he applied" (citing *Oldham v. Schweiker,* 660 F.2d 1078, 1083 (5th Cir. 1981)).

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the ALJ's decision is supported by substantial evidence and that the ALJ applied the proper legal standards when evaluating the evidence in this case.

Accordingly, the Commissioner's decision is **AFFRIMED**.

**SO ORDERED** on September 3, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE